[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15544
This is an action instituted by the plaintiff wife Pamela Joynes-Jenkins against the defendant husband Leroy Carl Jenkins seeking a dissolution of their marriage. The parties have resided in the State of Connecticut for more than one year prior to the bringing of this action and the court has jurisdiction over the marriage and the parties. Neither party has been a recipient of public assistance during the period of the marriage. The parties were married on October 29, 1990. They have been separated since September 1998. The parties have children who have the following names and birth dates: Lolita, born on October 30, 1985 and Leroy born on November 22, 1991. There are no other proceedings pending in this state or any other concerning the custody of the minor children. The parties' marriage has broken down irretrievably. There is no reasonable hope of reconciliation and the court orders a dissolution of the marriage.
The court has reviewed and considered the trial evidence and the parties' trial submissions, including the parties' financial affidavits and proposed orders. The court has also carefully considered the statutory criteria for the granting of a dissolution of marriage, the awarding of custody, visitation, child support, alimony, and attorney's fees, and the dividing of the parties' assets and liabilities as applicable. The court finds that both parties contributed to the irretrievable breakdown of their marriage and the cause for the breakdown of the marriage will not receive any significant weight in the following orders issued by the court.
The parties have entered into a Partial Final Stipulation dated July 22, 1999 resolving issues concerning custody, visitation, relocation, health insurance, and life insurance. There are still unresolved claims concerning alimony, past due support, and division of the parties' pensions and the husband's stock savings plan. The court finds the issues resolved by this Partial Final Stipulation fair and reasonable under all the CT Page 15545 circumstances in light of the evidence and the other orders issued by the court herein. This Partial Final Stipulation is accepted and adopted by the court and shall be deemed incorporated into the terms of this final judgment, except as expressly varied by the orders issued below.
 ORDERS
1. Child Support. The court finds that the evidence establishes that the wife has earnings of $619 gross and $475 net per week and the husband has average earnings of approximately $950 gross and $617 a week for the purposes of the child support calculations. The husband shall pay child support pursuant to the child support guidelines effective August 1, 1999, which the court calculates to be $179 a week. In addition, the husband shall make a payment representing 40% of the weekly child care costs as they are incurred. See Child Support Guidelines Regulations, Sec. 46b-215a-2a(h) (August 1, 1999). The evidence indicates that these child care expenses are $65 a week.
Because this trial began before and ended after the effective date of the child support guidelines now applicable to this case, the parties may not have addressed the child support issues fully. Therefore, either party may move for the court to review and reconsider these child support orders based on the existing record and under the August 1, 1999 guidelines within 20 days from the entry of judgment without having to show a substantial change of circumstances.
2. Health insurance. Under the stipulation, the parties agreed to split equally all medical and similar expenses not covered or reimbursed by insurance, and this provision of the Stipulation is not accepted because it varies from the provisions of the Child Support Guidelines Regulations that became effective on August 1, 1999. Pursuant to these regulations, the court orders that the wife shall assume and pay 60% and the husband shall assume and pay 40% of all medical and dental expenses, including but not limited to orthodontia and psychiatric and/or counseling not covered or reimbursed by insurance. See Child Support Guidelines Regulations, Sec. 46b-215a-2a(g). As provided in the stipulation, both parties will maintain health insurance coverage for the minor children through their employment as long as it is available to them.
3. Alimony. The husband has not made a claim for alimony and CT Page 15546 requests that neither party receive alimony. The wife has requested to receive periodic alimony in the amount of $100 a week. After considering the evidence and the statutory criteria of Section 46b-82, the court concludes that the wife should not receive periodic alimony at the present time, but that her right to seek periodic alimony based on a change of circumstances should be preserved. Among the statutory factors, the court expressly notes its consideration of the husband's ability to pay, the lump sum alimony ordered herein, as well as the court's conclusion that the wife has a higher earning capacity than as reflected by her present earnings. The court orders the wife to receive alimony from the husband in the amount of $1 a year for eight years. This periodic alimony shall terminate upon the death of either party, the wife's remarriage, or the wife's cohabitation as defined by statute.
The court further orders the wife to receive from the husband lump sum alimony in the amount of $3,000, plus an additional $576 representing past due support. This total sum of $3,576 shall be paid within 60 days from the date of this order and may be paid through the liquidation of the husband's stock.
4. Property and debt divisions. The parties resolved the issues regarding the division of their property and debts in the Partial Final Stipulation. The parties' testimonies indicated that there were some remaining disagreements, particularly as to the division of the parties' pensions, but the court resolves any outstanding issues by adopting the parties' stipulation and by the other orders issued herein. The husband shall remove within 30 days any remaining automobiles or vehicles that have been transferred to him and are still remaining on the wife's property.
5. Counsel fees. The husband shall pay $1,500 to the wife for attorney fees incurred by her. This $1,500 payment shall be made within 60 days.
So ordered November 30, 1999.
Stevens, J.